## CIRCUIT COURT OF LOUDOUN COUNTY

Lester B. Seidel

v.

Lloyd Walker et al.

July 9, 2004

Case No. (Law) 24784

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on July 2, 2004, for argument on the Motion for Electrodiagnostic Examination filed by the Defendant, Fireman's Fund Insurance Company (" Fireman's Fund" ), pursuant to Rule 4:10 for an order to the Plaintiff, Lester B. Seidel, to submit to electrodiagnostic studies by a neurologist.

I took the motion under advisement to give myself a chance to read the doctors' letters and the medical reports submitted by counsel.

For the reasons hereinafter set forth, the motion is denied.

This is a personal injury case arising out of an automobile accident on May 29, 1999. Mr. Seidel alleges serious injuries as a result of the accident. Since the accident, Mr. Seidel has seen numerous health care providers. See Exhibit A to Plaintiff's Opposition to Motion.

On February 20, 2004, Mr. Seidel was seen by Joseph D. Linehan, M.D., an orthopaedic surgeon, for an independent medical examination at the request of Fireman's Fund. In his report, Dr. Linehan states: "I recommend obtaining electrodiagnostic studies at the Neurology Center by Dr. John Blazina to delineate any neurologic deficit he may have." See Exhibit A to the motion.

The motion and the attached report from Dr. Linehan do not explain why electrodiagnostic studies are necessary. Mr. Seidel has been seen by 32 health care providers since June 1999. He has had numerous medical procedures. But not once has one of his health care providers recommended electrodiagnostic studies. In the letter dated July 2, 2004, attached to Plaintiff's Supplemental Opposition to Motion, A. D. Powers, M.D., Mr. Seidel's treating physician,

states: "I do not feel and do not recommend EMG or nerve conduction evaluations for this patient." EMG or nerve conduction evaluations are the same as electrodiagnostic examinations.

Rule 4:10 is not designed to permit any proposed examination just because Mr. Seidel's physical condition is at issue.

The motion does not state good cause for the electrodiagnostic examination. There is nothing in the motion other than Dr. Linehan's opinion that EMG or nerve conduction studies are necessary in order to relate Mr. Seidel's present condition to the injuries caused by the accident in May 1999. Further, the motion does not put Mr. Seidel on notice of the time, place, manner, conditions, and scope of the examination as required by Rule 4:10. Mr. Seidel is entitled to know exactly what type of test he will be asked to submit to under Rule 4:10.

The motion is denied.